# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE A. TOLIVER,<br><br>  Plaintiff,<br><br>  v.<br><br>LAS VEGAS METROPOLITAN POLICE OFFICER J. SOLES, et al.,<br><br>  Defendants. | Case No. 2:17-cv-02612-MMD-CWH<br><br>**SCREENING ORDER AND REPORT AND RECOMMENDATION** |

Pro se plaintiff George A. Toliver brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred when he was arrested while riding a bicycle and subsequently incarcerated at the Clark County Detention Center and the Hight Desert State Prison for an alleged parole violation. Toliver moves to proceed *in forma pauperis*. (IFP Application (ECF No. 5)().) Toliver submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Toliver's request to proceed *in forma pauperis* therefore will be granted. The court now screens Toliver's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.   ANALYSIS**

   **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*,

668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Toliver alleges that on July 28, 2017, he was stopped by two Las Vegas Metropolitan Police Department officers for riding his bicycle on the wrong side of the street and for not having a front headlight. (Compl. (ECF No. 1-1) at 3.) Toliver further alleges that in response to questioning by the officers, he stated he was coming from the Fremont Street Experience. (*Id.*) The officers responded that it was a parole violation for Toliver to be around casinos and alcohol. (*Id.*) One of the officers asked Toliver "to stand in a straight line and follow his finger from side to side while the other officer ran [Toliver's] name for warrants . . . ." (*Id.*) Toliver subsequently was arrested for a parole violation and DUI and was taken to the Clark County Detention Center. (*Id.*)

Toliver states that after his arrest, he received parole violation documents and a report in which the arresting officer stated that Toliver had admitted to having a can of beer earlier in the day, that he failed the field sobriety test, that his eyes were watery and glassy, and that there was

a slight odor of alcohol on Toliver's person. (*Id.*) Toliver further alleges that he was not given a blood, breath, or urine test and that the officer's statements in the report were false. (*Id.*) According to Toliver, the officers arrested him in retaliation for past lawsuits he has brought against other police officers. (*Id.*) Toliver was incarcerated for 64 days. (*Id.* at 5.) Based on the address on his complaint, it is the court's understanding that Toliver has been released.

Toliver now brings a civil-rights complaint under 42 U.S.C. § 1983, alleging claims for false arrest (claim one), false imprisonment (claim two), and retaliation (claim three) against defendants Las Vegas Metropolitan Police Department Officer J. Soles #15320, an unnamed Las Vegas Metropolitan Police Department Officer #15319, the Division of Parole and Probation, Parole Officer John D. Mehalko, Parole Sergeant E. Tanner, and Parole Lieutenant Shane L. Brandon. (*Id.* at 4-6.) He seeks in excess of $5 million in compensatory and punitive damages. (*Id.* at 9.).

### 1. False arrest

In his first claim, Toliver alleges the police officers pulled him over for riding on the wrong side of the road and for not having headlights, but that they did not write tickets for those offenses and instead arrested him for a parole violation related to drinking beer, even though he was never given a medical test to see if alcohol was in his system. (*Id.* at 4.) He further alleges parole officer Mehalko consented to the police officers arresting him and was the booking officer for the parole violation. (*Id.*)

Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

1   Here, Toliver states a colorable false arrest claim against the police officers and parole
2   officer Mehalko.  He alleges the officers made false statements in his arrest report regarding
3   intoxication and they arrested him for a parole violation without probable cause or other
4   justification.  Liberally construing Toliver's allegations, and accepting the allegations in the
5   complaint as true, a reasonable person would not believe Toliver had violated his parole if the
6   officers falsified the statements in the arrest report.  The court therefore will recommend that
7   Toliver's false arrest claim should proceed against the police officers and parole officer Mehalko.

### 2.  *False imprisonment*

In his second claim, Toliver alleges he was unlawfully imprisoned for 64 days for the false charge of a parole violation.  (*Id.* at 5.)  Toliver further states that the Division of Parole and Probation has a policy of taking police officers at their word that a parolee consumed alcohol rather than requiring medically recognized tests.  (*Id.*)  Toliver alleges parole officer John Mehalko consented to the police officers arresting him and parole sergeant Tanner and parole lieutenant Shane Brandon signed off on the parole violation report, resulting in his false imprisonment.  (*Id.* at 4-5.)

A federal district court has supplemental jurisdiction over all other claims that are part of the same case or controversy as the claims over which the court has original jurisdiction.  28 U.S.C. § 1367(a).  If the federal and state law claims arise out of a "common nucleus of operative fact," the court may exercise supplemental jurisdiction over the state law claim.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Given that Toliver's state law claim for false imprisonment claim arises out of a common nucleus of operative fact as his false arrest claim over which the court has original jurisdiction, the court may exercise supplemental jurisdiction over the claim.  Under Nevada law, "to establish false imprisonment of which false arrest is an integral part, it is necessary to prove that the person [was] restrained of his liberty under the probable imminence of force without any legal cause or justification." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (internal quotation marks and citations omitted).

Here, Toliver states a colorable false imprisonment claim against parole officer Mehalko, parole sergeant Tanner, and parole lieutenant Shane Brandon.  Liberally construing Toliver's

complaint, he alleges he was imprisoned for 64 days without legal cause or justification based on the officers' false statements in the arrest report, which were adopted by Mehalko and Brandon in the probation violation documents. Liberally construing the complaint, he also alleges the Department of Parole and Probation has a policy of bringing parole violation proceedings based on officers' claims regarding intoxication that are unsupported by scientific testing and that the policy contributed to his unlawful imprisonment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) (stating that "[a] local governmental entity may be sued under section 1983 where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom."). The court therefore finds Toliver states a colorable claim for false imprisonment against Mehalko, Tanner, Brandon, and the Department of Parole and Probation.

### 3. Retaliation

In claim three, Toliver alleges Officer Soles' motivation for making the false police report was to retaliate against him for past lawsuits against other police officers. Toliver makes further allegations that another officer who is not named as a defendant in his case brought child endangerment charges against him 14 days later. Even liberally construing these allegations, it is unclear to the court exactly what legal claim Toliver is attempting to allege and how the child-endangerment allegations are related to this case. The court therefore will recommend dismissal of this claim with leave to amend.

### 4. Instructions for amendment

If the United States district judge assigned to this case adopts this report and recommendation and Toliver chooses to file an amended complaint, Toliver is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, he still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Toliver further is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. As such, if he files an amended

complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. Toliver is advised that if he chooses not to amend, this case will proceed only on his false arrest and false imprisonment claims.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that Toliver's application to proceed *in forma pauperis* (ECF No. 5) is GRANTED. Toliver will not be required to pay the filing fee in this action. Toliver is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the clerk of court must file Toliver's complaint (ECF No. 1-1).

IT IS RECOMMENDED that:

- Toliver's false arrest claim (claim one) should proceed against Las Vegas Metropolitan Police Department Officer J. Soles #15320, unnamed Las Vegas Metropolitan Police Department Officer #15319, and parole officer John D. Mehalko;
- Toliver's false imprisonment claim (claim two) should proceed against parole officer John D. Mehalko, parole sergeant E. Tanner, and parole lieutenant Shane Brandon;
- Toliver's retaliation claim (claim three) be dismissed, with leave to amend; and
- Toliver be given a deadline to file an amended complaint.

## III.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 5, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE