UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE A. TOLIVER,<br><br>                              Plaintiff,<br>      v.<br>LAS VEGAS METROPOLITAN POLICE OFFICER J. SOLES, *et al.*,<br><br>                              Defendants. | Case No. 2:17-cv-02612-MMD-CWH<br><br>ORDER |

      *Pro se* Plaintiff George A. Toliver, who was previously the custody of the Nevada Department of Corrections ("NDOC") for alleged parole violations, brings this action under 18 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carl W. Hoffman, recommending that the Court allow his first two claims to proceed past screening, but dismiss his third claim with leave to amend, and grant his application to proceed *in forma pauperis*. (ECF No. 9.) Plaintiff had until June 19, 2019 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R.

      This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

While Plaintiff has failed to object to Judge Hoffman's recommendation to allow two of his claims to proceed past screening, but dismiss the other claim with leave to amend, the Court will conduct a *de novo* review to determine whether to adopt the R&R. Judge Hoffman construed Plaintiff's Complaint as containing three claims: (1) false arrest; (2) false imprisonment; and (3) retaliation. (ECF No. 9 at 3-5.) Judge Hoffman found that, liberally construed, Plaintiff stated a claim for false arrest that should proceed past screening based on his allegation that police officers arrested him for a parole violation without probable cause because they falsified their police report when they arrested him on his bicycle, writing that he was intoxicated. (*Id.* at 3-4.) Second, Judge Hoffman found Plaintiff stated a colorable claim for false imprisonment because his imprisonment for alleged parole violations was based on the false police report stating he was intoxicated, which cited no evidence. (*Id.* at 5.) Third, however, Judge Hoffman found Plaintiff had not stated a retaliation claim, and recommended dismissal of that claim without leave to amend. (*Id.* at 5.) Having reviewed the R&R (which Plaintiff did not oppose), and Plaintiff's Complaint, the Court agrees with Judge Hoffman.

It is therefore ordered that Judge Hoffman's Report and Recommendation (ECF No. 9) is adopted in full.

It is further ordered that the version of the Complaint already filed by the Clerk of Court as directed by Judge Hoffman's R&R (ECF No. 10) is the operative complaint in this case.

It is further ordered that Plaintiff's false arrest claim (claim one) will proceed against Las Vegas Metropolitan Police Department Officer J. Soles #15320, unnamed Las Vegas Metropolitan Police Department Officer #15319, and parole officer John D. Mehalko.

It is further ordered that Plaintiff's false imprisonment claim (claim two) will proceed against parole officer John D. Mehalko, parole sergeant E. Tanner, and parole lieutenant Shane Brandon.

It is further ordered that Plaintiff's retaliation claim (claim three) is dismissed, with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

///
///
///
///
///
///
///

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint within 30 days, Plaintiff's false arrest claim (claim one) will proceed against Las Vegas Metropolitan Police Department Officer J. Soles #15320, unnamed Las Vegas Metropolitan Police Department Officer #15319, and parole officer John D. Mehalko, and Plaintiff's false imprisonment claim (claim two) will proceed against parole officer John D. Mehalko, parole sergeant E. Tanner, and parole lieutenant Shane Brandon; and Plaintiff's retaliation claim (claim three) will be dismissed. Plaintiff may also notify the Court of his decision not to file an amended complaint instead of waiting to let the 30 day period expire.

DATED THIS 20th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE