UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE TOLIVER,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>LAS VEGAS METROPOLITAN POLICE OFFICERS, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:17-cv-02612-MMD-DJA<br><br>ORDER |

*Pro se* Plaintiff George Toliver brings this action asserting claims under 42 U.S.C. § 1983 and Nevada state law. (ECF No. 10.) Plaintiff alleges that on July 27, 2017, Defendants Jonathan Solis and Joel Tomlinson lacked probable cause that he had violated his parole and that, consequently, his arrest was an unlawful seizure in violation of his Fourth Amendment rights. (*Id.*) On July 31, 2020, Defendants Jonathan Solis and Joel Tomlinson moved for summary judgment, arguing that there is no genuine dispute of material fact that they had probable cause to arrest Plaintiff for violating his parole. (ECF 51 at 7 ("Motion").) To factually support this assertion, Defendants rely heavily on three attached exhibits: (1) body camera footage, identified as "Solis Body Worn Camera Video" (ECF No. 51-7); (2) body camera footage, identified as "Body Worn Camera of Tomlinson" (ECF No. 51-8); and (3) the incident report, identified as "Violation Report" (ECF No. 51-12).

"Although Rule 56 was amended in 2010 to eliminate the unequivocal requirement that evidence submitted at summary judgment must be authenticated, the amended Rule still requires that such evidence 'would be admissible in evidence' at trial." *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016). The Court therefore must consider whether "the substance of the proffered evidence would be admissible at trial."

*Dinkens v. Schinzel*, 632 F. Supp. 3d 916, 922-23 (D. Nev. 2019); *see also Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) ("In ruling on a motion for summary judgment, the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial. The proponent need only explain the admissible form that is anticipated.") (internal quotation omitted).

The body camera footage is not authenticated. The recordings do not identify either of the arresting officers by name, they are not time- or date-stamped, and they do not include any visual or auditory confirmation of the location of the encounter. (ECF Nos. 51-7, 51-8.) Additionally, the arrest report is inadmissible hearsay that does not fall under any exception. *See United States v. Sims*, 617 F.2d 1371, 1376-77 (9th Cir. 1980); *United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979). Nowhere in their Motion do Defendants address these deficiencies, nor do they ever explain that admissible testimony is forthcoming or what form it will take.

If a party fails to properly support an assertion of fact, the Court may give an opportunity to properly support the fact. Fed. R. Civ. P. 56(e)(1). Accordingly, the Court will permit Defendants to cure the deficiency in the body camera footage by authenticating it or, if authentication is not possible, explaining how the substance of the footage will be admissible at trial. The Court will further allow Plaintiff to respond or otherwise give argument explaining any objection he has to authenticity of the body camera footage.

It is therefore ordered that the parties must submit any information regarding the authenticity or admissibility of the previously submitted exhibits within seven days. Any filing must be no longer than five pages.

DATED THIS 4th Day of March 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE